IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HOWARD WALSH,<br><br>    Petitioner,<br><br>v.<br><br>STEVEN WESLEY, Warden, and<br>ATTORNEY GENERAL OF THE STATE<br>OF DELAWARE,<br><br>    Respondents. | Civil Action No. 16-615-RGA |

## MEMORANDUM

Presently pending before the Court is Petitioner Howard Walsh' Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (D.I. 1) In November 2015, a Delaware Superior Court jury found Petitioner guilty of three counts of possession of a firearm by a person prohibited and other offenses. (D.I. 1 at 1) The Delaware Supreme Court affirmed his convictions on June 29, 2016. *See Walsh v. State*, 2016 WL 3751911, at *3 (Del. June 29, 2016). Petitioner filed the instant Petition on July 18, 2016, which contains four claims challenging his 2015 conviction. (D.I. 1 at 4-10) The Petition also contains a statement from Petitioner that he still has a post-conviction motion pending before the Delaware Superior Court. (D.I. 1 at 7)

A federal district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. A petitioner is not entitled to federal habeas relief unless he has exhausted state remedies for his habeas claims by "fairly presenting" the substance of the claims to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider them on the merits. *See* 28 U.S.C.

§ 2254(b)(1)(A); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).

Given Petitioner's statement about his pending post-conviction motion, it plainly appears that Petitioner has not yet exhausted state remedies.[1] Accordingly, the Court will summarily dismiss Petitioner's § 2254 Petition without prejudice. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order follows.

Dated: September 26, 2016

UNITED STATES DISTRICT JUDGE

---

[1] Habeas petitions filed pursuant to 28 U.S.C. § 2254 must be filed within a one-year limitations period. Petitioner is responsible for determining the events that trigger and toll the limitations period.

2